**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1909-17T2

J.H.,

     Plaintiff-Respondent,

v.

K.H.,

     Defendant-Appellant.

_____

Submitted March 28, 2019 – Decided April 29, 2019

Before Judges Whipple and Firko.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-2785-16.

LaRocca, Hornik, Rosen, Greenberg & Patti, LLC, attorneys for appellant (Gregory L. Grossman, on the brief).

Respondent has not filed a brief.

PER CURIAM

In this post-judgment matrimonial matter, defendant K.H.[1] appeals from portions of a November 17, 2017 Family Part order denying his motion to vacate a September 18, 2017 order obtained by plaintiff J.K. ordering him to pay child support as ordered in the parties' property settlement agreement (PSA) incorporated into the judgment of divorce and to pay the mortgage on the former marital home.[2] He claims that plaintiff never served him with her motion papers; the PSA did not obligate him to pay the mortgage; and that he has a newborn child requiring a recalculation of child support. For the reasons that follow, we reverse both orders and remand for a plenary hearing to address the interpretation of the parties' PSA on the issues of equitable distribution of the former marital home, mortgage payments, child support, and for findings of fact on the relief granted.

I.

The parties married in 2004 and divorced in 2016.[3] Under the two-page PSA prepared by the parties as self-represented litigants, the parties agreed to

---

[1] We use initials to protect the privacy of the parties. R. 1:38-3(d)(3) and (13).

[2] We entered an order on December 14, 2018 suppressing plaintiff's brief.

[3] A default judgment of divorce (JOD) was granted to plaintiff who appeared pro se. The record reflects that defendant did not appear at the final hearing.

A-1909-17T2

joint legal custody of their three unemancipated children and plaintiff was awarded physical custody. Pertinent to this appeal, the PSA provided for child support as follows:

> Child [s]upport will be paid by [K.H.] to [J.H.] in the amount of $1,250 every two weeks, totaling $2,500 per month, and $30,000 annually. Child support will be paid on the 15th and last day of the month.
>
> After [C.H.] reaches the ages of [nineteen] or [twenty-three] while attending college child support will be decreased to: $834 every two weeks totaling $1,667 per month, and $20,000 annually.
>
> After [N.H.] reaches the ages of [nineteen] or [twenty-three] while attending college child support will be decreased to: $417 every two weeks totaling $834 per month, and $10,000 annually.
>
> Child support payments will end once [O.H.] reaches the ages of [nineteen] or [twenty-three] while attending college.
>
> Child support will be setup to be paid through probation to [J.H.].

Regarding health insurance, the PSA provided:

> Health insurance is covered by [K.H.'s] employer; directly deducted from his paycheck in the amounts of $618 every [two] weeks totaling $1,236 per month and $14,832 annually.
>
> Portions of medical bills not covered by health insurance will be split evenly between both parents.

A-1909-17T2

Additionally, the parties mutually agreed to waive spousal support. As to equitable distribution of the parties' former marital home, the PSA states: "[K.H.] agrees to give [J.H.] the property at 69 Evergreen [Avenue], Edison, [N.J.] 08837 free and clear. [J.H.] will get the property at 69 Evergreen [Avenue], Edison, [N.J.] full in her ownership by September 1, 2021." Plaintiff continued to reside in the former marital residence with the children post-divorce.

The preamble to the PSA states: "Listed below are the conditions which both [J.H.] and [K.H.] agree upon." In the JOD, the trial judge, who was also the motion judge, "took no testimony as to the merits of the settlement," and found that "the parties entered into it freely and voluntarily, and that it is therefore binding and enforceable . . . ." A Uniform Summary Support Order (USSO) was filed on August 23, 2016 by the judge setting forth defendant's child support obligation in conformity with the PSA.[4]

On August 11, 2017, plaintiff's attorney filed a notice of motion to enforce litigant's rights for defendant's failure to make his child support payments, resulting in her inability to pay the mortgage, and leading to a foreclosure complaint being filed. Counsel fees were also requested. Plaintiff's counsel

---

[4] See R. 5:7-4.

A-1909-17T2

certified that the motion "has been served in the time and manner prescribed by the [r]ules of [c]ourt," but he did not indicate the method of service or provide proof of service to the judge. A proof of mailing dated August 1, 2017, certified to by a legal assistant employed by plaintiff's counsel, states that the notice of motion to enforce litigant's rights, certification of defendant, proposed order, and proof of mailing were mailed to K.H. via the U.S. Post Office in West New York by "mail" to his last known address.

Despite counsel's representation on service, defendant claims he was never served with the motion and thereby had no opportunity to oppose it. During the time period that plaintiff's motion was purportedly served on him, defendant alleges that he was at home caring for his newborn child and therefore, he was subject to service of process. Unaware of plaintiff's pending motion, defendant called the probation department regarding his past-due child support obligation and he was informed by a probation officer that plaintiff's motion was pending and he could file opposition papers. In turn, defendant called the judge's chambers and was told to contact plaintiff's counsel, who indicated the motion papers would be emailed to defendant, but defendant contends he did not receive them before the return date. On the September 15, 2017 return date, defendant claims he appeared for oral argument but court staff advised him to

5

leave because he did not file opposition and the motion was being decided as unopposed.[5] The judge prepared and filed an order on September 18, 2017, providing as follows:

> 1. Plaintiff's motion requesting that the [c]ourt adjudicate the [d]efendant in violation of litigant's rights regarding child support is GRANTED. See attached Statement of Reasons.
>
> 2. Plaintiff's motion requesting that the [c]ourt adjudicate [d]efendant in violation of litigant's rights regarding the property at 69 Evergreen [Avenue]. Edison, [N.J.] 08837 is GRANTED.
>
> 3. [Plaintiff's] motion requesting that the [c]ourt direct the [d]efendant to pay counsel fees [in] the amount of $2,500[] to [p]laintiff's [attorney] is DENIED WITHOUT PREJUDICE.
>
> 4. All other aspects of previous [o]rders not altered by this [o]rder remain in effect.
>
> 5. Any other claims for relief not expressly addressed in the [court's] [o]rder are DENIED WITHOUT PREJUDICE.

The judge's Statement of Reasons provided:

> 1. <u>Enforce Litigant's Rights</u>
>
> a. <u>Child Support</u>

---

[5] The record does not reflect if oral argument was conducted and we were not provided with a transcript.

A-1909-17T2

The Chancery Division, Family Part has the power to enforce its own orders. [D'Angelo] v. [D'Angelo], 208 N.J. Super. 729, 731 (Ch. Div. 1986). In addition, [Rule] 1:10-3 provides relief to litigants for failure of a party to comply[] with the terms of an order upon application.

In this case, [p]laintiff asks the [c]ourt to adjudicate the [d]efendant in violation of [p]laintiff's rights for failure to comply with the [PSA] entered into by the parties on July 21, 2016 by paying $2,500 per month in child support. Under the PSA, "Child [s]upport will be paid by [K.H.] to [J.H.] in the amount of $1,250 every two weeks." Accordingly, [d]efendant shall satisfy his child support payments pursuant to the [PSA].

b. Marital Property

In this case, the July 21, 2016 PSA entered into by the parties provides [p]laintiff will get the property at 69 Evergreen [Avenue], Edison, []. Pursuant to the [PSA], "[K.H.] agrees to give [J.H.] the property at 69 Evergreen [Avenue], Edison, [N.J.] free and clear." Plaintiff certifies that the home is now in foreclosure proceedings because of the [d]efendant's failure to make mortgage payments. Accordingly, the [c]ourt orders the [d]efendant to bring his mortgage payments current.

2. Counsel Fees

The [c]ourt, in its discretion, may make an allowance for counsel fees to be paid by any party to the action to a party accorded relief under [Rule] 1:10-3, although any allowance made based on an enforcement motion is still subject to the provisions of [Rule] 4:42-9. Barr v. Barr, 418 N.J. Su[p]er. 18, 46-47 (App. Div. 2011).

7

Here, the [c]ourt finds no bad faith on the part of either party. Thus, the parties shall be responsible for their own counsel fees at this time.

The order does not reflect whether the judge made any findings as to service of plaintiff's motion upon defendant pursuant to <u>Rules</u> 1:5-1(a)[6] and 4:4-4(b)(1)(C).[7]

---

[6] <u>Rule</u> 1:5-1(a) provides in pertinent part:

In all civil actions, unless otherwise provided by rule or court order, orders, judgments, pleadings subsequent to the original complaint, written motions (not made ex parte), briefs, appendices, petitions and other papers except a judgment signed by the clerk shall be served upon all attorneys of record in the action and upon parties appearing pro se . . . .

[7] <u>Rule</u> 4:4-4(b)(1)(C) provides:

(b) Obtaining In Personam Jurisdiction by Substituted or Constructive Service.

(C) mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (1) a competent individual of the age of [fourteen] or over, addressed to the individual's dwelling house or usual place of abode; (2) a minor under the age of [fourteen] or a mentally incapacitated person, addressed to the person or persons on whom service is authorized by paragraphs (a)(2) and (a)(3) of this rule . . . .

On October 4, 2017, defendant, through his counsel, filed a motion seeking to vacate the September 18, 2017 order; to deny plaintiff's relief sought in her motion; or alternatively, accepting his motion as a cross-motion or a motion for reconsideration; to address parenting time issues; to clarify the "Division of Assets" clause in the PSA and find that he is not responsible for mortgage payments; for a finding that the intention of the parties was for plaintiff to have five years to refinance the mortgage into her name only or to schedule a plenary hearing on this issue; modifying child support based upon a substantial change of circumstances and Other Dependent Deduction (ODD);[8] and for counsel fees and costs. Defendant certified that he "was never served with a copy of the motion and therefore was deprived of [his] right to due process." In her opposing certification, plaintiff stated defendant "certainly did know he received it at his last known address; that['s] what caused him to call the court."

Defendant's request for oral argument was denied. An order was filed on November 17, 2017 denying his requested relief and providing in relevant part as follows:

---

[8] Child Support Guidelines, Pressler & Verniero, <u>Current N.J. Court Rules</u>, Appendix 1X-A to <u>R.</u> 5:6A, www.gannlaw.com (2019).

4. Defendant's motion reques[ting] that the [c]ourt memorialize the current [parenting] plan with the [d]efendant having overnights with the children every other weekend and liberal visitation during the week as well as the parties having three weeks of vacation time with the children each, implementing the [c]ourt holiday schedule for the parties, and modifying all weekday pick-ups of the children by the [d]efendant to occur at the children's school upon their dismissal from school that day is REFERRED to court-sponsored mediation.

5. Defendant's motion requesting that the [c]ourt clarify the Paragraph of the parties' [PSA] titled "Division of Assets" specifically pertaining to the division of the former marital home in that the [d]efendant is not responsible for the payment of the mortgage, and finding that the intention [of the] Paragraph is for the [p]laintiff to have five (5) years to refinance the mortgage into her name is DENIED WITHOUT PREJUDICE. Under the "Division of Assets" paragraph of the [PSA] dated 7[/]1/2016, "[K.H.] agrees to give [J.H.] the property at 69 Evergreen [Avenue,] Edison, [N.J.] 08837 free and clear. [J.H.] will get the property at 69 Evergreen [Avenue,] Edison, [N.J.] full in her ownership by September 1, 2021." Accordingly, [d]efendant shall deliver the property at 69 Evergreen [Avenue,] Edison, [N.J.] to [p]laintiff by September 1, 2021 pursuant to the PSA dated 7/21/2016.

6. Defendant's motion requesting that the [c]ourt order a plenary hearing to determine the intent of the Paragraph of the parties' [PSA] titled "Division of Assets" specifically pertaining to the division of the [former] marital [home] is DENIED WITHOUT PREJUDICE. The PSA dated 7/21/2016 unambiguously requires [d]efendant to deliver the

10

property at 69 Evergreen [Avenue,] Edison, [N.J.] to [p]laintiff by September 1, 2021. Accordingly, a plenary hearing will not be ordered at this [time].

7. Defendant's motion requesting that the [c]ourt modify child support and set an arrears payback for any accrued arrears based upon a substantial change of circumstances and an [ODD] is GRANTED IN PART. The parties established a child support agreement in the PSA dated 7/21/2016. Subsequent to the agreement entered into by the parties, [d]efendant had a child, [E.M.H.] [in] October [] 2016. The birth of [d]efendant's new child constitutes a change in circumstances warranting a modification of child support under [Lepis] v. [Lepis], 83 N.J. 139 (1980). Accordingly, both parties shall submit all relevant financial documentation within thirty (30) days of this order including their tax returns, three most recent pay stubs, and CIS.[9] It is noted that [the] [ODD] is applied only if the serial parent provides the financial [information] of the other parent of the child or children for whom the [ODD] is requested. Accordingly, [d]efendant shall submit the financial documentation of the [partner] with which he shares the new child.

8. Defendant's motion requesting that counsel fees and costs for the within application be paid to LaRocca Hornik Rosen Greenberg Patti, LLC, within ten (10) days is DENIED WITHOUT PREJUDICE. When deciding whether to award counsel fees, the trial judge must consider the requesting party's need, the requesting party's financial ability to pay, and the requesting party's good faith in instituting or defending the action. Williams v. Williams, 59 N.J. 229, 223 (1971). The court finds no bad faith on the part of either

---

[9] Case Information Statement. See R. 5:5-2.

party. Accordingly, the [plaintiff] and [d]efendant's request for counsel fees is denied.

On appeal, defendant contends the judge's findings are not supported by adequate, competent evidence, the September 18, 2017 order must be vacated pursuant to Rule 4:50-1 due to excusable neglect and to prevent an unjust, oppressive and inequitable outcome, and that a genuine dispute as to material facts warrants a plenary hearing as to the parties' intention relative to equitable distribution of the former marital home and what was the intention of the parties.

## II.

New Jersey has long espoused a policy favoring the use of consensual agreements to resolve controversies, and "[s]ettlement of disputes, including matrimonial disputes, is encouraged and highly valued in our system." Quinn v. Quinn, 225 N.J. 34, 44 (2016). "An agreement that resolves a matrimonial dispute is no less a contract than an agreement to resolve a business dispute[,]" and "is governed by basic contract principles." Id. at 45. "Among those principles are that courts should discern and implement the intentions of the parties[,]" and not "rewrite or revise an agreement when the intent of the parties is clear." Ibid. "Thus, when the intent of the parties is plain and the language is clear and unambiguous, a court must enforce the agreement as written, unless doing so would lead to an absurd result." Ibid. However, "[t]o the extent that

12

there is any ambiguity in the expression of the terms of a settlement agreement, a hearing may be necessary to discern the intent of the parties at the time the agreement was entered and to implement that intent." Ibid.

> Although we are obliged to defer to the factual findings and discretionary decisions made by the Family Part due to the specialized nature of the court, a question regarding the interpretation or construction of a contract is a legal one and our review is plenary, with no special deference to the trial judge's interpretation of the law and the legal consequences that flow from the established facts.
>
> [Barr, 418 N.J. Super. at 31 (citation omitted).]

It is well-established that matrimonial agreements, like the PSA in this case, are basically contractual in nature. Pacifico v. Pacifico, 190 N.J. 258, 265-66 (2007). Thus, its interpretation is subject to de novo review on appeal. Zabilowicz v. Kelsey, 200 N.J. 507, 512-13 (2009); see Kaur v. Assured Lending Corp., 405 N.J. Super. 468, 474 (App. Div. 2009) (reviewing the enforcement of a settlement agreement de novo).

While we recognize "[t]he basic contractual nature of matrimonial agreements[,]" Sachau v. Sachau, 206 N.J. 1, 5 (2011), we grant "particular leniency to agreements made in the domestic arena" and allow the Family Part "greater discretion when interpreting such agreements." Ibid. (quoting Guglielmo v. Guglielmo, 253 N.J. Super. 531, 542 (App. Div. 1992)).

13

Nonetheless, New Jersey has a strong public policy favoring the enforcement of PSAs. Massar v. Massar, 279 N.J. Super. 89, 93 (App. Div. 1995). As a result, these agreements are approached with the presumption that they are valid and enforceable, and will be enforced "if they are fair and equitable." Ibid. Indeed, "fair and definitive arrangements arrived at by mutual consent should not be unnecessarily or lightly disturbed[,]" Quinn, 225 N.J. at 44 (quoting Konzelman v. Konzelman, 158 N.J. 185, 193-94 (1999)), and "a court should not rewrite a contract or grant a better deal than that for which the parties expressly bargained." Id. at 45.

Regarding the former marital home, the judge improvidently found, contrary to the PSA terms, that the "home is now in foreclosure proceedings because of the [d]efendant's failure to make mortgage payments." No where is it specified in the PSA that defendant is supposed to pay the mortgage—he agreed to pay child support. In her August 9, 2017 moving certification, plaintiff certified that she could afford to pay the $1,750 monthly mortgage based on defendant paying $2,500 in monthly child support. She did not certify that defendant was responsible to pay the mortgage directly. After a joint petition in bankruptcy was filed and dismissed because defendant failed to make approved payments of $331 per month, plaintiff argued that the mortgage payments

continued to be in default and defendant failed to pay child support, accumulating $8,435.26 in arrearages owed as of August 1, 2017. Plaintiff also certified that defendant failed "to pay the health insurance for the children[,]" and "[t]he only reason children have insurance now is because they are covered by the State." Her certification was deficient for failing to annex any prior or current CIS's as required by Rule 5:5-2(a). Nonetheless, the judge's inquiry should not have ended on the basis of plaintiff's certification alone.

"To the extent that there is any ambiguity in the expression of the terms of a settlement agreement, a hearing may be necessary to discern the intent of the parties at the time the agreement was entered and to implement that intent." Quinn, 225 N.J. at 45. In making that determination, courts look to the "language used, the situation of the parties, the attendant circumstances, and the objects the parties were striving to attain." Barr, 418 N.J. Super. at 32 (quoting Celanese Ltd. v. Essex Cty. Improvement Auth., 404 N.J. Super. 514, 528 (App. Div. 2009)).

Further, nothing in the PSA authorized the judge to order defendant "to bring his mortgage payments current," and in essence, he re-wrote the PSA. The phrase in the PSA stating K.H. agrees to give J.H. the Edison property "free and clear" by September 1, 2021 is ambiguous and warrants discovery and testimony

A-1909-17T2

to ascertain the meaning of their agreement on this issue. We therefore vacate the September 18, 2017 order and remand this matter for a plenary hearing on the issue of what the intention of the parties was relative to equitable distribution of the former marital home.

III.

Defendant further argues that the trial judge failed to comply with Rule 1:7-4(a) which provides:

> (a) Required Findings. The court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right . . . . The court shall thereupon enter or direct the entry of the appropriate judgment.

"Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)). "Naked conclusions do not satisfy the purpose of [Rule] 1:7-4." Curtis v. Finneran, 83 N.J. 563, 570 (1980). Here, the trial judge made insufficient findings and conclusions of law. The September 18, 2017 order merely states each item of relief sought by plaintiff as "granted" or "denied without prejudice,"

and a conclusory Statement of Reasons was attached to the order without the requisite analysis mandated by the rule.

On a similar note, the judge's November 17, 2017 order, decided on the papers, lacks appropriate Rule 1:7-4(c) findings, warranting our vacating of said order as well and remanding for a plenary hearing. No meaningful statement of reasons were provided with this order, and defendant's potential, meritorious defenses were not given due consideration by the judge.

IV.

On appeal, defendant also argues that the judge erred in denying oral argument on his motion, which is permitted under Rule 5:5-4(a) when significant substantive issues are raised. Defendant argues that the judge "interpreted the disposition of the former marital home which was under material, genuine, factual dispute by the parties by way of their competing certifications . . . ." He further argues that no findings were made as to the "legitimacy – or, illegitimacy – of [his] argument[,]" instead of relying upon "adequate, substantial, credible evidence[,]" pursuant to Gnall v. Gnall, 222 N.J. 414, 428 (2015). We agree.

Likewise, courts have noted that litigants should be permitted oral argument of motions other than calendar matters and routine discovery

applications when requested "as a matter both of due process and the appearance of due process." Filippone v. Lee, 304 N.J. Super. 301, 306 (App. Div. 1997); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 1.1 on R. 5:5-4 (2019) ("[T]here is a strong presumption favoring argument of motions other than calendar matters and routine discovery applications.").

To that end, Rule 5:5-4(a) expressly provides:

> Motions in family actions shall be governed by [Rule] 1:6-2(b) except that, in exercising its discretion as to the mode and scheduling of disposition of motions, the court shall ordinarily grant requests for oral argument on substantive and non-routine discovery motions and ordinarily deny requests for oral argument on calendar and routine discovery motions.

Our jurisprudence has held:

> The discretion afforded by Rule 5:5-4(a) is designed to give the judge "the option of dispensing with oral argument . . . when no evidence beyond the motion papers themselves and whatever else is already in the record is necessary to a decision. In short, it is the sole purpose of these rules to dispense with what is regarded as unnecessary or unproductive advocacy."
>
> [Palombi v. Palombi, 414 N.J. Super. 274, 285 (App. Div. 2010) (alteration in original) (quoting Fusco v. Fusco, 186 N.J. Super. 321, 328-29 (App. Div. 1982))].

A-1909-17T2

However, a judge's "inquiry does not end simply because the nature of an issue presented can be labeled as pertaining to a substantive issue" or when the parties disagree on all facts.  Id. at 286.

> Other circumstances, such as the sufficiency of the supporting facts alleged are also relevant to the exercise of discretion.  This is particularly true in the case of motions that seek a modification of financial obligations . . . because the movant must satisfy certain requirements before these motions are ripe for decision by the court.
>
> [Ibid.]

Because the issues here were significant and involve conflicting certifications as to the interpretation of the PSA, oral argument should have been afforded to the parties.

V.

The judge correctly found that defendant's request for a recalculation of child support based on changed circumstances, taking into account an ODD for his new child was warranted and "is applied only if the serial parent provides the financial information of the other parent of the child . . . ."  Defendant was directed to "submit the financial documentation of the partner with which he shares the new child."  On remand, the judge shall determine if the ODD calculation warrants a plenary hearing.

19

In light of our decision, we need not address the other arguments raised by defendant in his brief.

In sum, we reverse the trial court's determinations that are the subject of this appeal, and remand for a plenary hearing to ascertain the parties' intent at the time the PSA was entered; and to address the ODD request by defendant; and to make findings of fact in respect of adjudicating defendant in violation of litigant's rights. The court shall conduct a case management conference within thirty days to review exchange of any appropriate discovery.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1909-17T2